UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

WINSTON BLACK,

                    Petitioner,

        -against-

VICTOR HERBERT, Superintendent,
Attica Correctional Facility                02 CV 6252 (KMW)(DCF)
                                            OPINION and ORDER
                    Respondent.


----------------------------------X
KIMBA M. WOOD, U.S.D.J.:

        Pro se petitioner Winston Black ("Black") seeks a writ of
habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 1998
conviction in New York State Supreme Court, Bronx County.  Black
pled guilty to one count of murder in the second degree, and the
trial court sentenced him to an indeterminate term of fifteen
years to life imprisonment.

        Black now claims (1) that the trial court's denial of his
motion to withdraw his guilty plea, without holding an
evidentiary hearing, violated his due process rights ("first
claim"); (2) that he received ineffective assistance of trial
counsel ("second claim"); and (3) that he received ineffective
assistance of appellate counsel ("third claim").

        On August 19, 2003, Magistrate Judge Freeman issued a Report

1

and Recommendation ("Report I") concluding that Black's first claim lacks merit.  On August 20, 2007, Magistrate Judge Freeman issued a Supplemental Report and Recommendation ("Report II") (together with Report I, the "Reports") concluding that Black's second and third claims lack merit.

For the reasons stated below, the Court ADOPTS the Reports in their entirety, and DENIES Black's Petitions for a writ of habeas corpus.

I.  Background

The Reports, familiarity with which is assumed, describe the underlying facts and procedural history of this case in significant detail.  Here, the Court describes only the procedural history most relevant to this Order.

A.  Original Petition

On August 6, 2002, Black filed his original habeas Petition ("Original Petition") with the Court.  Black's Original Petition asserts only his first claim, that his due process rights were violated when the trial court denied his motion to withdraw his guilty plea without holding an evidentiary hearing.

The Court referred Black's Original Petition to Magistrate Judge Freeman.  On August 19, 2003, Magistrate Judge Freeman issued Report I, recommending that the Court deny Black's Original Petition.

On January 5, 2004, after several extensions, Black filed timely objections ("Objections I") to Report I.

B.   Stay of Proceedings

In a letter dated July 27, 2004, Black requested a stay of his Original Petition so that he could exhaust additional claims in state court.  In an Order dated August 24, 2004, the Court granted Black's request, and stayed his Original Petition.

C.   Amended Petition

On September 9, 2005, Black filed an amended habeas Petition ("Amended Petition") (together with the Original Petition, the "Petitions") with the Court.  Black's Amended Petition asserts his second claim, that he received ineffective assistance of trial counsel; and his third claim, that he received ineffective assistance of appellate counsel.

The Court referred Black's Amended Petition to Magistrate Judge Freeman.  On August 20, 2007, Magistrate Judge Freeman issued Report II, recommending that the Court also deny Black's Amended Petition.

On November 29, 2007, after several extensions, Black filed timely objections ("Objections II") to Report II.

II.  Analysis

A.   Standard of Review

When reviewing a Report and Recommendation, the Court "may

3

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997) (internal citations omitted).

Objections to a Report and Recommendation must be specific, and clearly aimed at particular findings in the magistrate judge's proposal. <u>Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan</u>, 806 F.Supp. 380, 382 (W.D.N.Y. 1992). To the extent that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. <u>See Pearson-Fraser v. Bell Atl.</u>, No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); <u>Vargas v. Keane</u>, No. 93 Civ. 7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994).

B.  <u>Black's Claims</u>

1.  <u>First Claim: Violation of Due Process Relating to Plea</u>

In Report I, Magistrate Judge Freeman concludes that Black has exhausted his first claim, and that its merits are therefore

4

properly before the Court.  Based on a review of the merits,
pursuant to the deferential Antiterrorism and Effective Death
Penalty Act standard, Magistrate Judge Freeman concludes that
Black's first claim fails.

In his Objections I, Black objects to Report I's conclusion.
Black's objections, however, are general and conclusory.  They
restate his original arguments as to why his plea was
involuntary, and why the trial court erred in failing to hold an
evidentiary hearing on his motion to withdraw his plea.  The
Court therefore reviews Report I only for clear error.

The Court finds no clear error in Report I's analysis.
Magistrate Judge Freeman concludes in Report I that the state
court's denial of Black's motion to withdraw his guilty plea was
not "contrary to, or involv[ing] an unreasonable application of,
clearly established Federal law", and that the state court's
conclusion that Black's plea was voluntary was not "based on an
unreasonable determination of the facts in light of the evidence
presented in the state court proceeding."  28 U.S.C. §
2254(d)(2).  The Court agrees with these conclusions, and adopts
Report I in its entirety.[1]

---

[1] The Court notes that Black has done an admirable job of
explaining to the Court his side of the story, and the Court
understands that he was reluctant to enter the guilty plea, and
felt some pressure to do so.  The habeas statute, however,

2.   <u>Second Claim: Ineffective Assistance of Trial</u>
<u>Counsel</u>

In Report II, Magistrate Judge Freeman concludes that
Black's second claim is procedurally barred; that Black cannot
overcome the procedural bar; and that, even if the Court could
review the merits of his claim, his claim would fail.

In his Objections II, Black concedes that his second claim
is procedurally barred, but argues that he can overcome the
procedural bar, and succeed on the merits of the claim.  Black's
objections are, again, almost entirely duplicative of his
original arguments in support of his claim of ineffective
assistance of trial counsel.[2]  Accordingly, the Court reviews

---

contains very stringent requirements that must be met before this
Court can overturn a state court decision, and those requirements
have not been met here.

[2] The only non-duplicative argument Black raises is that he
had "cause" for failing to appeal the denial of the Section
440.10 motion in which he asserted his ineffective assistance of
trial counsel claim.

Black describes the alleged "cause" as follows: Black states
that at the time the trial court ruled on his Section 440.10
motion, Black "was in the process of being transferred to another
facility."  Black states that the bulk of his legal documents
remained in the custody of "the inmate law clerk," and that by
the time Black "got settled and retrieved his legal documents,"
the time to seek leave to appeal had elapsed.  (Obj. II 4-5.)

Black's argument is not an objection to Report II's
analysis, but an entirely new theory in support of his case. (<u>See</u>
Report II 13 (Black's Amended Petition "has not alleged any
'cause' whatsoever for his failure to seek leave to appeal from
the denial of his Section 440.10 motion, which was the one place

Report II's analysis of Black's second claim only for clear
error.

The Court finds no clear error in Report II's analysis of
Black's second claim.  Magistrate Judge Freeman concludes that
Black fails to show cause and prejudice for his failure to

where he squarely raised his challenge to the performance of his
trial counsel."))  Although a district judge "may receive further
evidence" or new arguments in reviewing objections to a
magistrate judge's ruling, 28 U.S.C. § 636(b)(1), accepting such
evidence or considering new arguments is disfavored absent a
"most compelling reason" for the failure to present such evidence
or arguments in the first instance, see Housing Works, Inc. v.
Turner, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005) ("[L]itigants
cannot be permitted to use litigation before a magistrate judge
as something akin to a spring training exhibition game, holding
back evidence for use once the regular season begins before the
district judge.") (internal citations omitted).  Here, Black does
not provide any reason for his failure to raise this argument in
his Amended Petition.

Even if the Court were to consider this argument, however,
it would be unavailing to Black.  A mere transfer between prison
facilities is insufficient to establish cause, see Bossett v.
Walker 41 F.3d 825, 829 (2d Cir. 1994) ("Cause may be
demonstrated with a showing that the factual or legal basis for a
claim was not reasonably available to counsel or that some
interference by state officials made compliance impracticable or
that the procedural default is the result of ineffective
assistance of counsel.") (internal quotations and citations
omitted), and Report II finds that Black cannot establish
prejudice, see Gray v. Netherland, 518 U.S. 152, 162 (1996) (a
procedural bar prevents federal habeas corpus review "unless the
petitioner can demonstrate cause and prejudice").  Black
therefore cannot overcome the procedural bar.  Furthermore,
Report II concludes that even if Black could overcome the
procedural bar and the Court considered his second claim on the
merits, Black's claim would nonetheless fail.

Accordingly, Black's objection does not provide a reason for
this Court to reject the conclusions set forth in Report II.

exhaust his ineffective assistance of trial counsel claim, and that Black similarly fails to show that a fundamental miscarriage of justice would result if the claim were not heard on the merits.  Furthermore, Magistrate Judge Freeman concludes that even if the Court were to review Black's second claim de novo, the claim would fail, as it meets neither prong of the test for ineffective assistance of counsel articulated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  The Court agrees with these conclusions, and adopts all of Report II relating to Black's second claim.

   3.  <u>Third Claim: Ineffective Assistance of Appellate Counsel</u>

In Report II, Magistrate Judge Freeman concludes that Black has exhausted his third claim, and that the merits are therefore properly before the Court.  Based on a de novo review of the merits, Magistrate Judge Freeman concludes that Black's third claim fails.

In his Objections II, Black objects to this conclusion.  His objections are, again, entirely duplicative of his original arguments in support of his claim of ineffective assistance of appellate counsel.  Accordingly, the Court reviews Report II's analysis of Black's third claim only for clear error.

The Court finds no clear error.  Magistrate Judge Freeman

concludes that Black's claim of ineffective assistance of appellate counsel fails to meet either prong of the <u>Strickland</u> test, and the Court agrees.  The Court therefore adopts all remaining portions of Report II.

III. <u>Conclusion</u>

For the reasons stated above, the Court adopts the Reports in their entirety.  The Court DENIES Black's Petitions for a writ of habeas corpus (D.E. 1, 12).

A certificate of appealability will not issue because Black has not made a substantial showing of the denial of a constitutional right.  <u>See</u> 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.

The Clerk of Court is directed to close this case; any pending motions are moot.

SO ORDERED.

DATED:    New York, New York
          April **22** , 2009

_Kimba M. Wood_
KIMBA M. WOOD
United States District Judge

9